UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  

Thomas Dean Stroup,
    Debtor.

Case No. 25-40803
Chapter 13

## ORDER

This case is before the court on the Debtor's Motion for Stay Pending Appeal [Doc 34]. The United States Trustee filed an objection [Doc 36] to the motion. The Debtor, *pro se*, seeks an order staying the order dismissing his case without prejudice [Doc 29] due to his appeal to the United States District Court for the District of Minnesota, case number 25-cv-02722. On July 18, 2025, the court held a hearing on this matter. Appearances and oral arguments were made by both the Debtor and United States Trustee. After the hearing, the court took the matter under advisement.

The four factors, as agreed upon by the parties, to be considered in determining whether a stay should be granted are: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426, 34 (2009).

The Debtor argues that each factor weighs in favor of a stay. Debtor argues that his appeal will be successful because his case should have been converted to chapter 7 because of his statutory right of conversion. Debtor also argues that because of the loss of his primary residence and impact on his health and stability, he will be irreparably injured. Finally, the Debtor argues that the stay will not prejudice creditors, but will maintain the status quo and it is in the public interest to allow "constitutional and statutory rights to be fully reviewed."

In the objection, the United States Trustee argues that Debtor is not likely to succeed in his appeal because the appeal was not timely filed pursuant to Fed. R. Bankr. P. 8002(a)(1). In addition, the Debtor is not likely to succeed on the merits because the mere conversion to chapter 7 would not have changed the requirements to file documents and Debtor failed to file those documents which led to the case being dismissed. The second factor is also not met because the hardships argued by the Debtor would not be stayed by the proposed order Debtor seeks: the order granting creditor relief from the stay is not being appealed and was granted prior to the motion to convert; and the Debtor did seek to reinstate the automatic stay [Doc 27], but that motion was not considered prior to the dismissal. Finally, the United States Trustee argues that the bankruptcy system itself would be prejudiced by this order because it would "delay[] the appropriate enforcement of the laws of the Bankruptcy Code."

The order dismissing Debtor's case was entered on May 29, 2025 [Doc 29]. The notice of appeal was received by the bankruptcy court on June 16, 2025 at 12:00 p.m. [Doc 33]. It is signed by the Debtor and dated June 15, 2025. Both of these dates fall outside the 14 day appeal timeline from Fed. R. Bankr. P. 8002(a)(1). The United States Trustee has filed a motion to dismiss the appeal based on this ground, but the District Court has not yet ruled on this motion. This court is unaware of any discretion in the Rules that would allow this appeal to proceed. In addition to the untimeliness of the appeal, and as argued by the United States Trustee, the Debtor has not made "a strong showing that he is likely to succeed on the merits." Whether or not conversion was granted, the case would be dismissed because the Debtor still failed to file the required documents under 11 U.S.C. § 521(a). The Debtor's case was dismissed pursuant to 11 U.S.C. § 521(i) which states that the section applies to "an individual debtor in a voluntary case under chapter 7 or 13 . . .." The Debtor had a requirement under § 521(a) as either a Debtor under chapter 7 or 13 and the Debtor failed to meet that

requirement. The Debtor argues a significant injury would occur based on the loss of his home and compounding medical issues. The United States Trustee, however, is correct that a stay would not mitigate these injuries as discussed above. Finally, in this case the public interest is best served by recognizing the importance, and supporting the finality, of the statutes and rules associated with the Bankruptcy Code.

Based on the record and the arguments made, both orally during the hearing and in their filings,

**IT IS ORDERED:**

1. The order dismissing this case without prejudice should not be stayed.

2. The Debtor's motion for a stay pending appeal is denied.

Dated: *August 7, 2025*

*s/ Katherine A. Constantine*
Katherine A. Constantine
United States Bankruptcy Judge